could not have been reasonably anticipated, and which he did not intend to produce, that is, was not the natural or probable consequence of his act, and was not the result of design, but was produced unexpectedly and by chance,—the injury was caused by accidental 'means within the meaning of policies of accident insurance.

6. INSURANCE, § 418*—*when injury from lifting stove accidental.* Injury from the act of lifting a stove which was claimed to have caused valvular trouble of the heart, subsequently resulting in death, *held* an accidental injury within the terms of an accident policy.

7. INSURANCE, § 408*—*when accident cause of disease.* If a diseased condition was caused from an accident, or existed prior to the accident and had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause, but if the disease existed at the time of the accident and co-operated with the accident to cause an injury or death, the accident is not the sole cause.

8. INSTRUCTIONS, § 118*—*when erroneous as not based on evidence.* An instruction in an action on a policy of insurance directing the jury to provisions as being contained in such policy which are not therein is improper.

---

## Sigmund Glaser, Defendant in Error, v. Thomas Schrader, Plaintiff in Error.

### Gen. No. 20,257.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed April 28, 1915. Rehearing denied May 12, 1915.

### Statement of the Case.

Action by Sigmund Glaser in the Municipal Court of Chicago against Thomas Schrader to recover one thousand dollars as liquidated damages for the alleged breach by the defendant of a written contract.

The contract was as follows:

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"State of Illinois⎱ ss.
County of Cook.⎰

AGREEMENT made this 25th day of October, A. D. 1910, by and between Sigmund Glaser, formerly of Philadelphia, now of Chicago, party of the first part, and Thomas Schrader, of Chicago, Illinois, party of the second part, WITNESSETH:

"That, Whereas, party of the first part has purchased from party of the second part a certain business located at Number 366 E. 43rd Street in Chicago, Illinois, said business being a retail candy, ice cream and confectionery business, for a consideration of Two Thousand Dollars ($2,000.00); and

"WHEREAS, a further consideration for the purchase of said business by the party of the first part from the party of the second part was the agreement on part of the party of the second part not to engage in the same or a similar business for a period of ten (10) years within a certain locality in which the said business is located.

"Now, THEREFORE, in consideration of the covenants and agreements herein contained, and the payment of One Dollar ($1.00) from the party of the first part to party of the second part, receipt whereof is hereby acknowledged, party of the second part hereby agrees that he will not for a period of ten years from this date, by himself or in conjunction with others, directly or indirectly, either as manager, agent, owner or employe, engage in the retail ice cream, candy and confectionery business in the City of Chicago, Cook County, Illinois, within a radius of eight (8) blocks, the central point of which shall be Number 366 East 43rd street in said city, and the said party of the second part hereby agrees that in case he violates the terms or spirit of this agreement, that party of the first part shall be entitled to the sum of One Thousand Dollars ($1,000.00) as liquidated damages, which party of the second part agrees to pay in case of such violation.

"It is hereby mutually agreed that the store con-

ducted by party of the second part at number 363 E. 47th Street in Chicago, Illinois, shall be excepted from the prohibited territory above described.

"Witness the hands and seals of the parties hereto, this 25th day of October, A. D. 1910.

SIGMUND GLASER    (Seal)
THOMAS SCHRADER    (Seal)."

From a judgment for plaintiff for one thousand dollars, rendered on a directed verdict, defendant brings error.

WILLIAM A. JENNINGS, for plaintiff in error.

HAASE & HOWARD, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

DAMAGES, § 88*—*when contract provides for liquidated damages.* Stipulation in a contract providing for the payment of one thousand dollars as liquidated damages, in the event of a breach by the defendant of a contract not to engage in business within a certain distance from a particular location for a stipulated period, construed as providing for liquidated damages and not a penalty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.